THE PEOPLE, use of The Keystone Manufacturing Co.

*v.*

DAVID N. DEAMS *et al.*

PAYMENT *to one not an agent.* Payment of money to a third person not authorized to receive it, and known by the person making the payment not to have any authority, will not avail as a defence in a suit by the person entitled to the money.

APPEAL from the Circuit Court of Jasper county; the Hon. JAMES C. ALLEN, Judge, presiding.

Messrs. BROWN & GIBSON, for the appellants.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of debt, brought by the Keystone Manufacturing Company, in the name of the people, on the official bond of D. N. Deams, to recover a certain sum of money which he had collected as a police magistrate and failed to pay over on demand. A trial of the cause was had before a jury, which resulted in a verdict in favor of the defendants. The court overruled a motion for a new trial and rendered judgment on the verdict, and this decision is assigned for error.

The right of plaintiffs to recover can not well be questioned from the evidence, and we are somewhat surprised that the circuit court allowed the verdict to stand. Deams himself, in his evidence, admitted on the trial that he had received the notes for collection and collected them; and he admitted that the Keystone Manufacturing Company directed him to remit the money, when collected, directly to the house. The only defence that he relied upon was, payment to one Coffman, whom he supposed was agent for plaintiffs. He did not, however, produce any receipt from Coffman for the money, nor was there any proof that he had paid Coffman a dollar, except his own oath; but if it be true that he paid the money to Coffman that would constitute no defence. Coffman was not plaintiffs' agent and had no authority whatever to receive the money, and a payment to him would not relieve the defendant from accounting to the plaintiffs. If the defendant paid the money to Coffman, that was his own folly, as he knew Coffman had no authority to receive it. The plaintiffs might have safely rested their case on the evidence of Deams alone, and upon that they were entitled to recover, but other evidence was introduced showing clearly a right of recovery in plaintiffs.

The verdict is so palpably against the evidence that we do not hesitate to reverse the judgment on that ground alone.

*Judgment reversed.*